UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MARCHESE, ROBYN BUONO, PAUL DAPONTES, JOSEPH FAZIO and ESTHER WEINSTEIN Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 10-2190 (KM) (MAH)<br><br>**STIPULATION AND ORDER REGARDING DISCOVERY OF EXPERT MATERIALS AND COMMUNICATIONS**<br><br>*DOCUMENT FILED ELECTRONICALLY* |

IT IS HEREBY STIPULATED AND AGREED that, to manage expert discovery efficiently, the parties agree to the following limitations on expert discovery. To the extent that this Stipulation and Order imposes limitations on the discovery of materials that otherwise would be discoverable under the Federal Rules of Civil Procedure, the parties have agreed to such limitations. Neither the terms of the Stipulation and Order nor the parties' agreement to them shall be considered an admission by any party that any of the information restricted from discovery by this Stipulation and Order would otherwise be discoverable or admissible.

1. The following materials, including without limitation requests for documents and examination at deposition, trial, or a hearing, related to experts that a party intends to call as witnesses at trial pursuant to Federal Rule of Civil Procedure 26 shall not be discoverable:

    a. the content of communications between counsel for the parties and testifying experts (and/or testifying experts' staff) in preparation for deposition, trial, or hearing testimony, or in preparation of expert reports, declarations/affidavits,

    briefs, motion papers, and/or other pleadings, regardless of the form of the communications;

  b. the content of communications between parties and testifying experts (and/or testifying experts' staff) in preparation for deposition, trial, or hearing testimony, or in preparation of expert reports, declarations/affidavits, briefs, motion papers, and/or other pleadings, regardless of the form of the communications;

  c. the content of communications between or among counsel for the parties, consulting experts and/or testifying experts (and/or the staffs of such experts) in preparation for deposition, trial, or hearing testimony, or in preparation of expert reports, declarations/affidavits, briefs, motion papers, and/or other pleadings, regardless of the form of the communications; and

  d. notes, drafts of expert reports, or other types of preliminary work created by or for testifying experts, unless (and only to the extent) the information is not attorney work product but rather facts or data relayed to the expert to be considered or relied on in forming the expert opinion or assumptions provided by the party's attorney that the expert relies on in forming that opinion.

The limitations on discovery contained in this paragraph will not apply to any facts or data which an expert considered or relied on in connection with rendering an opinion.

  2. Except as specifically altered herein, the parties shall comply with the requirements of Federal Rules of Civil Procedure 26 and any party shall be free to take discovery of all other matters provided for by Federal Rule of Civil Procedure 26(a)(2)(B) and 26(b)(4)(C) with respect to any designated expert, including but not limited to discovery of:

a. the basis of the expert's final opinion (defined as the opinion(s) set forth in a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)) and the facts or data considered by the expert in forming that final opinion, regardless of the source of the facts or data;

b. any empirical investigations, including, but not limited to, statistical models, multiple regression analyses, and statistical correlations performed by or at the direction of the expert that the expert used or relied upon in forming the expert's final opinion;

c. any exhibits that will be used to summarize or support the expert's final opinion;

d. the expert's qualifications, including a list of all publications authored in the previous 10 years;

e. a list of all other cases in which, during the previous 4 years, the expert provided expert testimony at trial or by deposition;

f. the expert's compensation, including the expert's hourly rate and that of any support staff, the total number of hours worked by the expert and by each member of the expert's support staff on the matter, and the total amount billed with respect to this matter; and

g. assumptions the party's attorney provided and that the expert relied on in forming the final opinions expressed in any reports.

3. The parties remain free to explore at deposition the process by which the expert report, declaration, or affidavit was developed and the facts and data considered or relied on by the expert in rendering the opinions expressed in the export report, declaration, affidavit or other

document, provided such exploration does not seek to undermine or otherwise invade the protections of this agreement that limit discovery of the above referenced materials.

4. The parties shall treat this Stipulation and Order as "so ordered" by the Court until executed by the Court.

5. *Nothing in this Order shall affect or limit the Court's authority to enforce Fed. R. Civ. P. 26 or to adduce facts or evidence it deems necessary to adjudicate this matter.*

Dated: October 9, 2012

By:
/s/ Arnold B. Calmann
Arnold B. Calmann
(abc@saiber.com)
Jakob B. Halpern
(jhalpern@saiber.com)
SAIBER LLC
One Gateway Center, 10th Floor, Suite 1000
Newark, NJ 07102-5311
Telephone:   (973) 622-3333
Facsimile:   (973) 622-3349

Jerome C. Katz
(jerome.katz@ropesgray.com)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Mark S. Popofsky
(mark.popofsky@ropesgray.com)
David T. Cohen
(david.cohen@ropesgray.com)
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Suite 900
Washington, DC 20005-3948
Phone: (202) 508-4600
Fax: (202) 508-4650

William J. Dunn
(william.dunn@ropesgray.com)

By:
/s/ Michael S. Weinstein
Michael S. Weinstein
Cole Schotz Meisel Forman & Leonard, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
mweinstein@coleschotz.com
(201) 525-6321

James V. Bashian, Esq.
LAW OFFICES OF JAMES V. BASHIAN, ESQ.
70 Adams Street, 4th Floor
Hoboken, NJ 07030
(973) 227-6330
jbashian@bashianlaw.com

David M. Taus, Esq.
DEVERO TAUS, LLC
2011 Somerville Road, Suite B
Bedminster, NJ 07921
(908) 375-8142
dtaus@deverotaus.com

Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
HORWITZ, HORWITZ & PARADIS
570 Seventh Avenue, 20th Floor
New York, NY 10018
(212) 986-4500
pparadis@hhplawny.com
gtufaro@hhplawny.com

ROPES & GRAY LLP  
Prudential Tower  
800 Boylston Street  
Boston, MA 02199-3600  
Phone: (617) 951-7000  
Fax: (617) 951-7050  

*Attorneys for Defendants*  
*Cablevision Systems Corporation*  
*and CSC Holdings, LLC*

Jay P. Saltzman, Esq.  
LAW OFFICES OF JAY P. SALTZMAN  
110 Wall St., 11th Floor  
New York, NY 10005  
(212) 204-5676  
jay@saltzmanlawny.com  

Barry S. Taus, Esq.  
Brett H. Cebulash, Esq.  
Kevin S. Landau, Esq.  
TAUS, CEBULASH & LANDAU, LLP  
80 Maiden Lane, Suite 1204  
New York, NY 10038  
(212) 520-4310  
btaus@tcllaw.com  
bcebulash@tcllaw.com  
klandau@tcllaw.com  

*Attorneys for Plaintiffs*

SO ORDERED this 10th day of October 2012.

_____  
HON. MICHAEL A. HAMMER  
United States Magistrate Judge

51189/0001-8904674v1