IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MARCHESE, ESTHER WEINSTEIN and JOAN HOWARD Individually, and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br>vs.<br><br>CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC,<br><br>     Defendants. | Civil Action No.<br>10-2190 (MCA) (MAH) |

### [PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Upon review and consideration of the Settlement Agreement dated December 7, 2015, including review of the class benefits set forth therein, and of Plaintiffs' Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement and supporting memorandum of law, this Court hereby FINDS and ORDERS as follows:

**I.   CERTIFICATION OF SETTLEMENT CLASS**

1.   A class may be certified for settlement purposes where the proposed class satisfies the four requirements of Federal Rule of Civil Procedure 23(a) and one of the elements of Rule 23(b). *See Sullivan v. DB Invs., Inc.*, 667 F.3d 276, 296 (3d Cir. 2011). When confronted with a request for settlement-only class certification, a court "need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted). For settlement purposes only, and conditioned upon the entry of this Order and an eventual Final Judgment approving the Settlement Agreement, the Court finds that the prerequisites for a class action

1

under Rules 23(a) and 23(b)(3) have been satisfied, as set forth below. In addition, the Settlement Class is currently and readily ascertainable based on objective criteria and the determination of whether someone is in the Settlement Class is administratively feasible because it can be made based on the submission of Claim Forms and Cablevision's records.

    A.    **Fed. R. Civ. P. 23(a)**

    2.    Rule 23(a) contains four threshold requirements: numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a)(1)-(4).

    3.    *Numerosity.* The Court finds the numerosity requirement is satisfied. The Settlement Class (as defined below) has millions of members consisting of all persons in New Jersey, Connecticut, and New York who subscribed to Cablevision video services and paid a monthly fee to Cablevision to lease a set-top box during the period April 30, 2004 to the date of this Preliminary Approval. Joinder of this many people would be impracticable.

    4.    *Commonality.* Rule 23(a)(2) requires that there be "questions of law or fact common to the class." There are questions of law and fact common to the Settlement Class that are sufficient for settlement purposes, including, for example, whether an alleged policy requiring the lease of a set-top box existed. Accordingly, this Court finds the commonality requirement is satisfied.

    5.    *Typicality.* Under Rule 23(a)(3), the named plaintiffs' claims must be "typical of the claims or defenses of the class." Here, named Plaintiffs allege that Cablevision unlawfully tied the sale of certain of its video services to the rental of a Cablevision set-top box, and that this activity restricted competition in the market for the sale or rental of set-top boxes, thus injuring all Settlement Class Members in the same manner. Accordingly, this Court finds that the named Plaintiffs' claims are typical of the claims of members of the Settlement Class they seek to represent for the purposes of settlement.

6. *Adequacy.* The adequacy of representation under Federal Rule of Civil Procedure 23(a)(4) has two requirements: (1) "the interests of the named plaintiffs must be sufficiently aligned with those of the absentees," and (2) "class counsel must serve the interests of the entire class." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996). The Court finds the adequacy of representation requirement is satisfied as to the named Plaintiffs. The interests of the named Plaintiffs and the putative Settlement Class Members are aligned; there are no conflicts that would render the named Plaintiffs inadequate representatives of the Settlement Class. For settlement purposes, the representative Plaintiffs and all members of the proposed Settlement Class have similar interests in establishing liability against Cablevision for the same kind of alleged anticompetitive conduct and in recovering, on behalf of each eligible claimant, damages resulting from that conduct. Moreover, Class Counsel have extensive experience and expertise in antitrust, class action, and complex litigation, and have successfully prosecuted antitrust class actions and other similar cases in courts throughout the United States. Accordingly, this Court finds that the adequacy of representation requirement is satisfied.

B. **Fed. R. Civ. P. 23(b)(3)**

7. Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions and that a class action is superior to other available methods of adjudication.

8. *Predominance.* The predominance inquiry "tests whether [a] proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310-11 (3d Cir. 2008) (quoting *Amchem*, 521 U.S. at 623). The predominance test requires a more rigorous analysis than Rule 23(a)(2)'s commonality prong. *Sullivan*, 667 F.3d at 297. There is a "key" distinction between certification for settlement purposes and certification for litigation: when taking a proposed settlement into consideration, individual issues which are normally present in litigation usually become irrelevant, allowing the

3

common issues to predominate. *Id.* at 304 & n.29. Here, as it pertains to the settlement of this matter only, the questions of law and fact common to the Settlement Class predominate over any questions affecting individual members of the Settlement Class. Accordingly, this Court finds the predominance requirement is satisfied for purposes of the Settlement.

9. ***Superiority.*** The superiority requirement is satisfied here because certification of a class for settlement purposes is more efficient than and superior to the separate litigation and settlement of millions of individual claims. Accordingly, this Court finds the superiority requirement is satisfied under Fed. R. Civ. P. 23(b)(3) for purposes of the Settlement only.[1]

C. **Conclusion**

10. For all the foregoing reasons, this Court certifies the following Settlement Class under Federal Rule of Civil Procedure 23:

> All persons in New Jersey, Connecticut, and New York who subscribed to Cablevision video services and paid a monthly fee to Cablevision to lease a Set-Top Box during the period April 30, 2004 to the date of this Order. Excluded from the class are (i) commercial, bulk, and municipal accounts; (ii) Cablevision, its officers, directors, affiliates and subsidiaries, and counsel; and (iii) any judicial official to whom this case is or may be assigned and any members of those judicial officials' immediate families, law clerk and their immediate families, and counsel for Plaintiffs.

11. This Court further appoints Plaintiffs Gary Marchese, Esther Weinstein, and Joan Howard as representatives of the Settlement Class and appoints the law firm of Taus, Cebulash & Landau, LLP as Class Lead Counsel, having determined that they are experienced and skilled attorneys capable of fairly and adequately representing the interests of the Settlement Class, and that the requirements of Federal Rule of Civil Procedure 23(g) are fully satisfied by this appointment.

---

[1] In the context of a settlement class, a court need not consider whether there would be difficulties managing a class action, since the settlement obviates the need for case management by the court. *See Amchem*, 521 U.S. at 620.

4

## II. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

12. In deciding preliminary approval, the Court considers whether: (1) the settlement negotiations occurred at arm's length, (2) there was sufficient discovery, and (3) the proponents of the settlement are experienced in similar litigation.[2] *Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, Civil No. 06-4453 (JEI), 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 785 (3d Cir. 1995)).

13. All three of these factors are satisfied here. The Settlement resulted from extensive arm's-length negotiations over a number of months. The parties engaged in extensive discovery, including Cablevision's production and Plaintiffs' review of over 1.4 million documents and several terabytes of data, fourteen fact depositions, and expert depositions of both Plaintiffs' and Cablevision's experts. Moreover, proposed Class Counsel strongly recommend the proposed Settlement as falling within the range of reasonableness.

## III. [PROPOSED] NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the proposed forms of notice to the Settlement Class of the proposed Settlement and the methods of dissemination—paper inserts or email supplements, as appropriate, provided with Current Subscribers' monthly bills; email notice to Former Subscribers for whom Cablevision has email information; publication of notice as set forth in Exhibit F to the Settlement Agreement, or by a method and plan substantially similar thereto; and a Settlement website—satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e)(1) and the requirements of due process, are otherwise fair and reasonable, and therefore are approved.

---

[2] Another factor identified by the Third Circuit is whether "only a small fraction of the class objected." *In re Gen. Motors*, 55 F.3d at 785. In this case, however, the number of objections will not be known until the fairness hearing. *See Smith*, 2007 WL 4191749, at *1 n.3.

15. Cablevision shall cause the Settlement notices, in substantially the forms attached to Plaintiffs' Memorandum in Support of Motion for Certification of a Settlement Class and Preliminary Approval of Settlement, to be:

> (i) mailed or emailed to current subscribers and applicable former subscribers within one hundred and ten (110) days following the entry of this Order;
>
> (ii) published within one hundred and ten (110) days following the entry of this Order; and
>
> (iii) posted on the Settlement website within forty-five (45) days following the entry of this Order.

16. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. as Claims Administrator to assist in processing of claims and disseminating the Notice to the Settlement Class.

17. The Claims Administrator must establish a post office box where Settlement Class Members can send requests for exclusion or other correspondence relating to the Notice.

18. All briefs and materials in support of (i) Class Counsel's application for an award of attorneys' fees, costs, and expenses, and (ii) payments to the named Plaintiffs for their efforts on behalf of the Settlement Class, shall be filed with the Court no later than August 4, 2016 (one hundred and fifty (150) days from the entry of this Order).

19. All briefs and materials in support of (i) the final approval of the Settlement, and (ii) the entry of Final Judgment proposed by the parties to the Settlement Agreement, shall be filed with the Court no later than September 8, 2016 (one hundred and eighty-five (185) days from the entry of this Order).

20. As part of the Settlement Notice, potential Settlement Class Members shall be afforded the opportunity to opt out of the class. A potential Settlement Class Member wishing to

exclude himself/herself from the Settlement Class must send a written request for exclusion ("Opt-Out Request") to the Claims Administrator and to Class Lead Counsel by August 24, 2016 (one hundred and seventy (170) days after entry of this Order) (the "Opt-Out Deadline").

21. No later than fifteen (15) days after the Opt-Out Deadline, Class Counsel shall report to the Court on the number of Settlement Class Members who have excluded themselves.

22. In order to be considered by the Court, any objection to the Settlement Agreement, Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or payments to the named Plaintiffs for their efforts on behalf of the Settlement Class must: (i) contain the full name and current address of the person objecting; (ii) contain the title of this action, *Marchese v. Cablevision Systems Corp.*, Civil Action No. 10-2190 (MCA) (MAH) (D.N.J.); (iii) state the reasons for the objection; (iv) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (v) be signed by the objector; (vi) identify all cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, including the case name, court, and docket number for each; and (vii) be filed with the Court and served upon Class Lead Counsel and counsel for Cablevision within one-hundred and seventy (170) days after entry of this Order.

23. Any objection and any Notice of Intent to Appear at the Final Fairness Hearing shall be sent via first class mail, postage prepaid, to the Clerk of Court, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101, with copies to the following counsel:

*On behalf of Plaintiffs and the Settlement Class:*

    Brett Cebulash, Esq.
    Kevin Landau, Esq.
    Taus, Cebulash & Landau, LLP
    80 Maiden Lane, Suite 1204

7

New York, NY 10038

*On behalf of Cablevision:*

Mark Popofsky, Esq.
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807

24. To be valid, any such objection and/or Notice of Intent to Appear and accompanying summary statement must be postmarked no later than August 24, 2016 (one hundred and seventy (170) days after entry of this Order). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. Persons or entities that do not file an objection and/or Notice of Intent to Appear and summary statement as provided above shall be deemed to have waived any objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

25. All responses to objections must be filed with the Court no fewer than five (5) calendar days before the Final Fairness Hearing.

26. A hearing on final approval (the "Final Fairness Hearing") shall be held on September 12, 2016, at 11:00 a.m. (Eastern time), in courtroom 2A, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey. At the Final Fairness Hearing, the Court will consider, *inter alia*: (i) the fairness, reasonableness, and adequacy of the Settlement and whether it should be finally approved; (ii) whether the Court should approve an award of Class Counsel's fees and the reimbursement of expenses, and in what amounts; (iii) whether payments should be made to the named Plaintiffs for their efforts on behalf of the class, and in what amounts; and (iv) whether entry of a final judgment terminating this litigation should be entered. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. At the Final Fairness Hearing, the Court may

enter a Final Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the members of the Settlement Class with respect to the claims being settled.

27.   All persons seeking to receive the Settlement Benefits must submit to the Claims Administrator a Claim Form, in the form accompanying Plaintiffs' Memorandum in Support of Motion for Certification of a Settlement Class and Preliminary Approval of Settlement, postmarked no later than September 23, 2016 (two hundred (200) days after the entry of this Order). Submission of a Claim Form shall be the only valid method of making a claim to share in the Settlement, and all Claimants must comply with the instructions accompanying the Claim Form.

28.   Plaintiffs' Class Counsel and Cablevision's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice, or to any other exhibits, which the Parties jointly agree are reasonable or necessary, and which do not limit the rights of members of the Settlement Class under the Settlement Agreement.

IV.   **STAY OF LITIGATION**

28.   All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses this action with prejudice.

29.   In the event that the Settlement does not become final, or in the event the Settlement Agreement and the Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, then the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement

Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Cablevision and any other Released Party, and Cablevision and any other Released Parties shall retain any and all defenses and counterclaims thereto. None of the orders and findings entered in connection with the Settlement Agreement, and none of the documents or statements generated or received pursuant to the claims administration process, shall be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding. The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been certified and such findings had never been made. The Action shall thereupon revert forthwith to its procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed. Litigation of this case will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

30. Nothing in this Order, the Settlement Agreement, any other Settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Cablevision as to the validity of any claim that has been or could have been asserted against Cablevision or as to any liability by Cablevision as to any matter set forth in this Order.

Dated: _____March 7, 16_____   BY THE COURT:

_____
Hon. Madeline C. Arleo, U.S. District Judge