IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY MARCHESE, ESTHER WEINSTEIN and JOAN HOWARD Individually, and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br>vs.<br><br>CABLEVISION SYSTEMS CORPORATION and CSC HOLDINGS, LLC,<br><br>                Defendants. | Civil Action No.<br>10-2190 (MCA) (MAH) |

## [PROPOSED] FINAL JUDGMENT

WHEREAS, Plaintiffs Gary Marchese, Esther Weinstein, and Joan Howard, individually and as representatives of others similarly situated ("Plaintiffs"), having appeared through their counsel, and Defendants Cablevision Systems Corporation and CSC Holdings, LLC (collectively "Cablevision" or "Defendants") (together, the "Parties"), having appeared through their counsel; and

WHEREAS, the Parties having stipulated to entry of this Final Judgment; and

WHEREAS, this Court having considered Plaintiffs' motion for final approval of the Settlement Agreement dated Dec 7, 2015, along with all of the pleadings and the evidence in this matter; having held a hearing on final approval (the "Final Fairness Hearing") on Sept 17-16 2016; and having concluded that the Fifth Amended Class Action Complaint in this case confers upon this Court jurisdiction to adjudicate the issues raised and to provide relief therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered as follows:

1. This Final Judgment incorporates herein and makes a part hereof the Settlement Agreement and its exhibits and the Preliminary Approval Order and its exhibits. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Judgment.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

3. This Court has personal jurisdiction over all the parties to this Action, including, but not limited to, all Settlement Class Members, for all matters relating to the Action and the Settlement, including, but not limited to, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Order.

## NOTICE OF SETTLEMENT

4. The record shows, and the Court finds, that the class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement or to object to any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and the Final Judgment in the Action, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States

Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

5. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members, except those who have opted out pursuant to the opt-out procedure described in the Preliminary Approval Order, are bound by this Final Judgment and the Final Order.

## APPROVAL OF SETTLEMENT

6. The Court has reviewed the terms of the Settlement Agreement and all objections and comments thereto, and finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and is in the best interests of the Settlement Class. Accordingly, the Court hereby finally approves the Settlement Agreement.

7. In evaluating the proposed Settlement, the Court considered a variety of factors, *see Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and makes the following findings:

    a. The named Plaintiffs are adequate representatives of the Settlement Class, and treatment of this Action as a class action for settlement purposes, with the Settlement Class as defined in the Settlement Agreement and the Preliminary Approval Order, is appropriate, proper, and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e);

    b. More than adequate discovery has been conducted in this case to afford Plaintiffs' Class Counsel an opportunity to determine the strengths and weaknesses of the case and the reasonableness of the Settlement;

    c.    The terms of the Settlement provide substantial and direct benefits to the Settlement Class, and are within a range that responsible and experienced attorneys could accept considering all relevant risks and factors;

    d.    The Action was highly complex, expensive, and time consuming, and the future expense and likely duration of the litigation, and its uncertainty of outcome, support approval of the class Settlement;

    e.    Class Counsel have substantial experience in antitrust class actions and complex litigation and recommend approval of the settlement; and,

    f.    The Settlement Agreement resulted from extensive, *bona fide*, good faith arm's-length negotiations between Plaintiffs' Class Counsel and Defendants through their counsel, and was not the result of any collusion between Plaintiffs' Class Counsel and Defendants or their counsel.

8.    The Court has considered all timely and proper objections to the Settlement, and denies and overrules them as without merit.

## DISCLAIMER OF ADMISSIONS

9.    The provisions of this Final Judgment are entered as a result of the agreement and stipulation of the Parties. The Parties' stipulation and this Final Judgment are not intended to be, and shall not be construed as, an admission or finding, express or implied, of any fault, liability, or wrongdoing by Defendants.

10.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be offered by any person or received against any Defendant as evidence or construed or deemed as evidence of (i) any presumption, concession, or admission

by any Defendant of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member, or (ii) the validity of any claim that has been or could have been asserted in the Action or in any litigation or other judicial or administrative proceeding, or (iii) the deficiency of any defense that has been or could have been asserted in this Action or in any litigation or other judicial or administrative proceeding, or (iv) any liability, negligence, fault, or wrongdoing of any Defendant. Provided, however, that nothing herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), the Final Judgment, or the Release of claims.

## APPLICABILITY

11. This Order is the Final Judgment as defined in the Settlement Agreement.

12. The provisions of this Final Judgment are applicable to and binding upon Defendants and upon all members of the Settlement Class, their current or former agents, employees, predecessors, successors, heirs, and assigns, and dismiss in their entirety and with prejudice the claims of all members of the Settlement Class against Cablevision, as more fully set out in Section 11.1 of the Settlement Agreement, without costs to any party against any other party except as otherwise provided herein.

13. This Final Judgment is intended by the Parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation, arbitration, or other proceeding, brought individually or in the name of, and/or otherwise on behalf of, the Plaintiffs or members of the Settlement Class, their current or former agents, employees, predecessors, successors, heirs, or assigns, that have been brought, could have been brought or hereafter could be brought, are currently pending or were pending, whether known or unknown, suspected or unsuspected, matured or unmatured, asserted or unasserted, under or pursuant to any legal

authority including but not limited to any statute, regulation, common law or equity, and arise out of, or relate to (a) conduct alleged in the Action or the claims or issues actually raised or which could have been raised in the Action from the beginning of time until the Effective Date, including, without limitation to, claims based, in whole or in part, on conduct, practices or policies regarding the purported conditioning of a subscription of, or access to, a Cablevision digital video service on a subscriber's lease or provision of a Set-Top Box (i) as alleged in the Action or (ii) in a manner that is not materially different from the conduct, practices or policies alleged in the Action; or (b) conduct authorized by Section 8.1 of the Settlement Agreement, except for claims alleging a breach of Cablevision's obligations under that Section 8.1 (collectively, the "Released Claims").

14. Plaintiffs and all members of the Settlement Class, individually and on behalf of their current or former agents, employees, predecessors, successors, heirs, or assigns, are deemed to have conclusively settled and released all claims against Cablevision as described above and as more fully set out in Sections 11.1-11.2 of the Settlement Agreement.

15. Plaintiffs and all members of the Settlement Class, individually and on behalf of their current or former agents, employees, predecessors, successors, heirs, or assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative investigation or proceedings against Cablevision for any Released Claims, as more fully set out in Section 11.5 of the Settlement Agreement.

16. Plaintiffs and all members of the Settlement Class, individually and on behalf of their current or former agents, employees, predecessors, successors, heirs, or assigns, are deemed to have expressly waived all rights under any applicable or non-applicable statute or other provision limiting the release of claims that are not known or suspected to exist in such person's favor at the time of executing the release and which if known or suspected would have materially

affected such person's decision whether or not to enter into such release, as more fully set out in Section 11.3 of the Settlement Agreement.

17. Each member of the Settlement Class is barred and permanently enjoined from instituting any federal, state, territorial, or private regulatory, administrative, legal, or other proceeding, investigation, inquiry, examination, or review related to the Released Claims, as more fully set out in Section 11.10 of the Settlement Agreement, except that any Party to the Settlement Agreement is not precluded from filing an action to enforce his, her, or its rights under the Agreement, as more fully set out in Section 11.9 of the Settlement Agreement.

## ATTORNEYS' FEES AND INCENTIVE PAYMENTS

18. Except as expressly ordered herein, each of the Parties shall bear his, her, or its own fees and costs.

19. *Class Counsel's Fees*. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules of Civil Procedure 23(h)(3) and 54(d)(2), and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins. Co. of America Sales Practice Litig.*, 148 F.3d 283, 340 (3d Cir. 1998), and for the reasons set forth in Plaintiffs' Motion for Attorneys' Fees and Costs and on the record, Class Counsel are awarded attorneys' fees, costs, and expenses in the amount of $9,500,000. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement. Class Lead Counsel shall allocate the fees and expenses amount among the Class Counsel in its discretion.

20. *Payments to Class Representatives*: An award of $5,000 is authorized for each of the three named Plaintiffs in this Action. The Court finds the award is fair and reasonable.

## RETENTION OF JURISDICTION

21. This Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement only for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the carrying out of this Final Judgment, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement. In all other respects, this case is dismissed with prejudice.

22. Without affecting the finality of this Final Judgment or the Final Order, Defendants and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Judgment and the accompanying Final Order and that do not limit the rights of the Settlement Class Members under the Settlement Agreement.

24. The Clerk of the Court is ordered to enter the Final Judgment forthwith.

25. In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

SO ORDERED, in chambers in Newark, New Jersey, this 12th day of September, 2016.

BY THE COURT:

_____
Hon. Madeline C. Arleo, U.S. District Judge